**James E. PORTER, Defendant-Appellant,**

**v.**

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–182A18.**

Court of Appeals of Indiana,
First District.

Oct. 5, 1982.

Richard R. Donnelly, Columbus, H. Louis Sirkin, Cincinnati, for defendant-appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Presiding Judge.

### STATEMENT OF THE CASE

Appellant James Porter appeals from his conviction by jury trial in the Bartholomew County Court for distributing obscene material. Affirmed in part, reversed in part, and remanded for modification.

### FACTS

Appellant Porter rented a commercial property ostensibly for the purpose of selling video tape machines and cameras. Defendant himself did not tend the premises,

but rather employed Zach Winfield as a sales clerk. After receiving complaints concerning the business, Detectives Myers and Clark of the Columbus Police Department entered the store and purchased sexually explicit material in the form of magazines and video tapes. Porter was convicted of four (4) counts of distributing obscene material and this appeal followed.

## ISSUES

Porter raises four issues on appeal.

1. Did the trial court err in denying defendant's motion to dismiss where defendant alleged that the statute under which he had been charged was unconstitutionally vague and overbroad?

2. Did the trial court err in denying defendant's motions for mistrial based upon alleged prosecutorial misconduct during closing arguments?

3. Did the trial court err in sentencing Porter on four counts of distributing obscene material?

4. Was there sufficient evidence to sustain the verdict of the jury?

1. Indiana Code Section 35–30–10.1–2 (Supp. 1981) provides that

"A person who knowingly or intentionally: (1) sends or brings into Indiana obscene matter for sale or distribution; or (2) offers to distribute, distributes, or exhibits to another person obscene matter; commits a Class A misdemeanor. However, the offense is a Class D felony if the obscene matter depicts or describes sexual conduct involving any person who is or appears to be under sixteen (16) years of age. *(Formerly: Acts 1975, P.L. 341, SEC. 1). As amended by Acts 1977, P.L. 335, SEC. 17; Acts 1978, P.L. 148, SEC. 2.*"

2. Indiana Code Section 35–30–10.1–1 (Supp. 1981) provides that

"As used in this chapter: (a) 'Matter' means (i) any book, magazine, newspaper, or other printed or written material; (ii) any picture, drawing, photograph, motion picture, or other pictorial representation; (iii) any statute or other figure; (iv) any recording, transcription, or mechanical, chemical, or electrical reproduction; or (v) any other articles, equipment, machines, or materials. (b) 'Performance' means any play, motion picture, dance, or other exhibition or presentation, whether pictured, animated, or live,

## DISCUSSION AND DECISION

*Issue One*

The trial court did not err in denying defendant's motion to dismiss.

■ Appellant first assails the Indiana obscenity statute[1] as vague for its failure to adequately define the type of activity which will subject a seller to criminal liability. Appellant specifically alleges that certain terms in the definitional section of the statute[2] are unclear as to the type of conduct intended to be included within the purview of the statute. Since the prohibited activity cannot be clearly delineated, the appellant argues that the statute must fail as being unconstitutionally vague. We cannot agree.

■ It is clearly established that a criminal statute will be deemed void for vagueness only if it fails to inform persons of ordinary intelligence what their conduct must be in order to subject them to criminal liability. *Broadrick v. Oklahoma,* (1973) 413

performed before an audience of one (1) or more persons. (c) A matter or performance is 'obscene' if: (1) the average person, applying contemporary community standards, finds that the dominant theme of the matter or performance, taken as a whole, appeals to the prurient interest in sex; (2) the matter or performance depicts or describes, in a patently offensive way, sexual conduct; and (3) the matter or performance, taken as a whole, lacks serious literary, artistic, political, or scientific value. (d) 'Sexual conduct' means (i) sexual intercourse or deviate sexual conduct; (ii) exhibition of the uncovered genitals in the context of masturbation or other sexual activity; (iii) exhibition of the uncovered genitals of a person under sixteen (16) years of age; (iv) sado-masochistic abuse; or (v) sexual intercourse or deviate sexual conduct with an animal. (e) 'Sado-masochistic abuse' means flagellation or torture by or upon a person as an act of sexual stimulation or gratification. (g) 'Distribute' means to transfer possession for a consideration. (i) 'Owner' means any person who owns or has legal right to possession of any matter."

U.S. 601, 607, 93 S.Ct. 2908, 2913, 37 L.Ed.2d 830; *Grayned v. City of Rockford*, (1972) 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222; *Ford v. State*, (1979) Ind.App. 394 N.E.2d 250, 253, *trans. denied* (1980). In *Miller v. California*, (1973) 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419, the Supreme Court of the United States laid out the standards by which works which depict or describe sexual conduct are to be judged. The Court noted that

> "[t]he basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value."

*Id.* at 24, 93 S.Ct. at 2615 (citations omitted). This is substantially the language adopted by our legislature to determine whether a matter or performance is obscene. Indiana Code Section 35–30–10.1–1(c) (Supp.1981) states that

> "(c) A matter or performance is 'obscene' if: (1) the average person, applying contemporary community standards, finds that the dominant theme of the matter or performance, taken as a whole, appeals to the prurient interest in sex; (2) the matter or performance depicts or describes, in a patently offensive way, sexual conduct; and (3) the matter of performance, taken as a whole, lacks serious literary, artistic, political, or scientific value."

Subsections (a), (b), (d), and (e) define certain terms used within our legislature's definition of what is to be considered obscene.[3] This is further supplemented by other sections of the Code which define such terms

as deviate sexual conduct.[4] The definitions used by the legislature are unequivocally clear and would not confuse a person of ordinary intelligence as to what type of conduct is prohibited by the statute. The statute is not unconstitutionally vague and the trial court did not thereby err in denying appellant's motion to dismiss.

 Appellant also argues that the statute is unconstitutionally overbroad. Overbreadth involves a challenge to the statute based not upon the defendant's conduct, but rather upon legitimate conduct which might foreseeably be prohibited by a statute which is not drawn in sufficiently narrow terms. Appellant contends that "[i]n given situations the Indiana Statue [sic] could punish the sale of a dressed or undressed female holding her breast, or two women or men holding hands, either dressed or undressed, or depending upon the definition of 'sexual intercourse', of a man and woman hugging each other. Therefore, said statute is overbroad and unconstitutional." Appellant's Brief at 10. Appellant's argument revolves around the definition of sexual conduct contained in Indiana Code Section 35–30–10.1–1(d).[5] A cursory examination of that subsection is enough to dispose of appellant's contention. Sexual conduct is clearly limited therein. Appellant's hypotheticals could not reasonably fall within the purview of the statute. The statute is not unconstitutionally overbroad.

*Issue Two*

The trial court did not err in denying defendant's motion for mistrial.

 Appellant contends that certain comments by the prosecutor during closing arguments constituted misconduct and gave rise to reversible error for the trial court's failure to grant a mistrial. During the

---

**3.** *See* footnote 2 *supra.*

**4.** *See* Ind.Code § 35–41–1–2 (Supp.1981) defining deviate sexual conduct as "an act of sexual gratification involving a sex organ of one person and the mouth or anus of another person." This section also defines sexual intercourse as "an act that includes any penetration of the

female sex organ by the male sex organ." Appellant's argument that sexual intercourse may include a man and woman hugging, Appellant's Brief at 10, is not well taken.

**5.** *See* footnote 2 *supra.*

closing arguments the following exchange took place.

"Uh another thing interestingly enough in terms of what you may or may not be able to send away for out of certain magazines sold at, I think, they sell Playboy and Penthouse, some of those magazines at not only Cummins Book Store but the 7–11 and several other places around. You can send away for that stuff but they sure didn't tell you about the Federal Mail Fraud prosecutions pending. They didn't tell you about the Federal Justice Department investigations on a national basis about dealing with that sort of thing.

H. Louis Sirkin: Objection.

Joseph Koening: Your Honor, I am dealing with rebuttal and he referred to that in his argument.

H. Louis Sirkin: I referred to it but I didn't say whether there was or was not. He is assuming facts that were not presented to this Jury.

Judge: That's true.

Joseph Koenig: I am referring to inferring to an obvious gap in his presentation.

H. Louis Sirkin: I don't think, you have basis on the evidence.

Judge: Yeah, there is no evidence one way or the other. Just have to, I am going to sustain the objection. Just keep away from that. Again Ladies and Gentlemen you need to be admonished that the last comment with respect to the lack or fact there are prosecutions with respect to mail fraud is to be, not to be considered by you. Go ahead Mr. Koenig."

Record at 32–180–181. Appellant asserts that this "obviously" gave rise to grave peril and "had obvious persuasive affect [sic] upon the jury." Appellant's Brief at 12. However, defendant has failed to demonstrate any prejudice arising from the comments of the prosecutor. We further

note that the trial court sustained the defendant's objection and on its own motion admonished the jury to disregard the prosecutor's remarks.[6] Generally, an admonition is presumed sufficient to cure any error that may have occurred. *Page v. State,* (1980) Ind., 410 N.E.2d 1304, 1307. It is also within the discretion of the trial court to admonish the jury or to grant a motion for mistrial. *Griffin v. State,* (1980) Ind., 402 N.E.2d 981, 985. This court will not reverse the decision of the trial court absent a showing of an abuse of that discretion. *Id.* In the instant case the court sustained the defendant's objection and then admonished the jury to disregard the improper comments. There was no abuse of discretion. The court did not err in denying defendant's subsequent motion for mistrial.

*Issue Three*

The trial court erred in sentencing Porter on four counts.

▇▇▇▇ Appellant was convicted of four counts of distributing obscene material. He was sentenced to four concurrent thirty-day terms and fined $2500.00 on each count. Defendant contends it was error to sentence on four counts. He further argues that he could be sentenced only upon one count. While we agree that Porter could not be sentenced on four counts, we do not believe that he could be sentenced only upon one count.

Defendant was charged with knowingly or intentionally distributing obscene material. Indiana Code Section 35–30–10.1–1(g) defines "distribute" as a "transfer [of] possession for a consideration," what is commonly referred to as a sale. The proscribed activity, therefore, is the sale of obscene material. As our supreme court has previously noted, a person may not be twice punished for a single offense arising from one set of operative facts. *Bean v. State,*

---

**6.** We note that while discussing fully the improper remarks of the prosecutor, the appellant failed completely, both in the statement of facts and in the argument, to note that appellant's objection was sustained and the court on its own motion admonished the jury to disregard the prosecutor's remarks. While we prefer to believe that this is the result of neglect, rather than intent, we must caution counsel that such actions are unethical and not generally befitting of an officer of the court.

(1978) 267 Ind. 528, 533, 371 N.E.2d 713, 716; *Thompson v. State,* (1972) 259 Ind. 587, 592, 290 N.E.2d 724, 727, *cert. denied,* 412 U.S. 943, 93 S.Ct. 2788, 37 L.Ed.2d 404. Here the operative fact from which the offense arose was the sale of obscene material. The sale was the transaction which may be charged. In the instant case there were two sales. Detective Clark purchased two magazines and Detective Myers purchased two films. As such, the defendant could be charged with only two counts of distributing obscene material. Therefore, we reverse one of the two counts arising from the magazine sale to Detective Clark and one of the two counts arising from the video tape sale to Detective Myers. We also remand this action to the trial court for the limited purpose of modifying defendant's sentence accordingly.

*Issue Four*

The evidence was sufficient to sustain the verdict.

Appellant argues that there was insufficient evidence to sustain the jury's verdict. This argument is predicated upon Indiana Code Section 35–30–10.1–4 (Supp. 1981) which states that "[i]n any prosecution under this chapter, the state must prove that the matter or performance, taken as a whole, lacked serious literary, artistic, political, or scientific value." Appellant states that "[u]nless the aforesaid section of the Code is to have no meaning, the State is required to present *expert* testimony to establish that the material lacks 'serious literary, artistic, political, or scientific value.'" Appellant's Brief at 15 (emphasis supplied). An examination of the statute reveals that expert testimony is not required in order for the State to meet its burden of proof. Further, as Judge Hoffman noted in *Ford v. State,* (1979) Ind.App., 394 N.E.2d 250, 252, *citing United States v. Wild,* (2d Cir. 1969) 422 F.2d 34, 36, *cert. denied,* 402 U.S. 986, 91 S.Ct. 1644, 29 L.Ed.2d 152, "'Simply stated, hard core pornography . . . can and does speak for itself.'" Here, the material involved depicted all manner of sexual contact between groups of two or more males and females. This material was admitted by the court as evidence. The jury itself was able to determine, without expert testimony, whether the material lacked serious literary, artistic, political, or scientific value.

Appellant also alleges that the State failed to present sufficient evidence of scienter to support the verdict. As appellant correctly notes, before an individual can be convicted of distributing obscene material he must have knowledge of the contents of the material. *Hamling v. United States,* (1974) 418 U.S. 87, 119–24, 94 S.Ct. 2887, 2908–11, 41 L.Ed.2d 590; *Hagood v. State,* (1979) Ind.App., 395 N.E.2d 315, 318; Ind.Code § 35–30–10.1–2 (Supp. 1981). It is generally accepted that scienter can be proved by circumstantial evidence. *Hagood.* Taking the facts most favorable to the verdict, it is clear that the jury could reasonably infer that defendant knew what was being sold on the premises. Defendant entered into a lease under the pretense of selling cameras and video equipment. Defendant was seen in the store and money was seen to change hands from the sales clerk to Porter. Further, as the State's Exhibits indicate, the nature of the material sold is readily apparent from the covers of the magazines and tapes in rather graphic detail.

When faced with a sufficiency question, this court will not reweigh the evidence. *Adcock v. State,* (1981) Ind.App., 421 N.E.2d 723, 725, *trans. denied.* Rather, we will look only to evidence favorable to the verdict and any reasonable inferences to be drawn therefrom. *Perry v. State,* (1980) Ind.App., 401 N.E.2d 792, 794, *trans. denied.* If the trier of fact could find the existence of each element of the crime beyond a reasonable doubt, the conviction will be affirmed. *McGary v. State,* (1981) Ind.App., 421 N.E.2d 747, 751. In this case the record leaves no doubt as to the sufficiency of the evidence to sustain the jury's verdict.

Sustained as to two counts, reversed as to another two counts, and remanded for modification of sentence.

NEAL and ROBERTSON, JJ., concur.