**Laurel E. TAYLOR, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 4–1282A384.

Court of Appeals of Indiana, Fourth District.

Dec. 19, 1983.

Howard S. Grimm, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., G. Douglas Seidman, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

After trial by jury, defendant-appellant Laurel Taylor was convicted of Reckless Homicide [1] and sentenced to six years imprisonment. In appealing the conviction, Taylor raises the following issues: [2]

1) whether the evidence is sufficient to support the verdict; and

2) whether the court erred in prohibiting Taylor's counsel from discussing the difference between negligence and recklessness during final argument.

■ In reviewing Taylor's first claim, we may examine only the evidence most favorable to the State and any reasonable inferences which may be drawn therefrom. *Porter v. State*, (1982) Ind.App., 440 N.E.2d 690. Such evidence, as reflected in the record, reveals that on the evening of October 15, 1981, Taylor was northbound on Alber Road when he ran a stop sign and collided with a vehicle travelling west on U.S. 24. The speed limit on Alber Road was thirty miles per hour; Taylor was travelling at approximately seventy miles per hour, according to the testimony of eyewitness Randy Curless.[3] Both the driv-

---

1. Ind.Code 35-42-1-5.

2. We have consolidated appellant's issues one and two, as the substance of each is identical. In addition, we need not consider Taylor's issue pertaining to sentencing, as we reverse on other grounds.

3. In his brief, Taylor claims Curless later testified Taylor was travelling at approximately fifty miles per hour. It is unclear whether the variations in testimony were due to vacillations of opinion, or whether the vehicle actually changed speeds. Nevertheless, Curless did not unequivocally change his testimony. He mentioned the speed of Taylor's vehicle four times,

er and the passenger in the westbound vehicle died as a result of the collision.

Citing *Hall v. State*, (1977) 174 Ind.App. 334, 367 N.E.2d 1103, the State refutes Taylor's claim of insufficiency, correctly claiming that excessive speed and the fact that a defendant had been drinking tend to show recklessness. While it is true Taylor testified he had consumed two beers on the day of the collision, that fact is completely irrelevant to the determination of recklessness in this case. In addition to Reckless Homicide, Taylor was also charged with two counts of Driving While Intoxicated of which he was acquitted. The Indiana Code defines "intoxicated" as follows:

> "Intoxicated" means under the influence of:
> (1) alcohol;
> (2) a controlled substance;
> (3) any drug other than alcohol or a controlled substance; or
> (4) any combination of alcohol, controlled substances, or drugs;
> *such that there is an impaired condition of thought and action and the loss of normal control of a person's faculties to such an extent as to endanger any person.* Ind.Code 9–4–1–54 (emphasis added).

Although the record in this case does not include a copy of the instructions read to the jury, during closing arguments the prosecutor read one of those instructions; it defined "intoxicated" in the same manner as the above-cited statute. Because the jury found Taylor not guilty of Driving While Intoxicated, we must therefore conclude it found his driving ability was not impaired by alcohol consumption. It follows that Taylor's admitted consumption of two beers on the day of the collision in no way established or even tends to prove he was driving in a reckless manner.[4] Any evidence of his drinking is irrelevant to the reckless homicide conviction in light of his acquittal on the driving while intoxicated charges.[5] Therefore, we may consider only the fact that Taylor was driving approximately forty miles per hour over the posted speed limit in determining whether he acted recklessly.[6]

We have found no Indiana cases which directly answer our query. Other jurisdictions are split on the issue of whether driving at an excessive rate of speed constitutes recklessness and, in some states, that question has been answered by the legislature. *See generally* 61A C.J.S. *Motor Vehicles* §§ 609, 610, 657(6) (1970).

Although our legislature has not specifically addressed the issue with regard to

---

alternating between seventy miles per hour and fifty miles per hour. Neither attorney exacted an answer to clarify the issue, but we do not believe the inconsistencies rendered Curless' testimony inherently incredible.

**4.** Even if a person operates a motor vehicle while intoxicated, that factor alone is not conclusive of recklessness. *See also Salrin v. State*, (1981) Ind.App., 419 N.E.2d 1351.

**5.** Any evidence Taylor had been drinking was also irrelevant in determining his sentence, a point the trial court overlooked. At Taylor's sentencing hearing, the court stated:

> [W]e have a situation here and I'm sure you feel I'm impressed by the MAD, which is the Mothers Against Drunken Driving and so forth, I am impressed with them, but I've had this feeling about drunken drivers for a long period of time and this man I believe was a drunken driver, even though he was not convicted of that. By the same token he did,

recklessly, according to the jury, kill two people. I can't do a thing in the world for those two people, we have had another one killed in this community in the last two years. I feel that to give this man a suspended sentence depreciates the seriousness of this crime to the extent that somebody else might be tempted to do the same thing, and for that reason I will not give him a suspended sentence.

As we are reversing Taylor's conviction on other grounds, we need not address the impropriety of the above remarks.

**6.** To sustain a conviction of Reckless Homicide, there must be evidence of probative value supporting each of three elements; causation, that the act resulting in the homicide was voluntary, and that the defendant's conduct was reckless and not merely negligent. *Slusher v. State*, (1982) Ind.App., 437 N.E.2d 97. As Taylor does not challenge the evidence of voluntariness and causation, and as we believe the evidence is sufficient to support both elements, we will only address the issue of recklessness.

Reckless Homicide, it has defined Reckless Driving in the following manner:

*A person operating a vehicle who recklessly:*

(1) *drives at such an unreasonably high rate of speed,* or at such an unreasonably low rate of speed, *under the circumstances, as to endanger the safety or the property of others,* or as to block the proper flow of traffic;

(2) passes another vehicle from the rear while on a slope or on a curve where vision is obstructed for a distance of less than five hundred (500) feet ahead;

(3) drives in and out of a line of traffic, except as otherwise permitted; or

(4) speeds up or refuses to give one-half (½) of the roadway to a driver overtaking and desiring to pass;

commits a Class B misdemeanor; and, if the offense results in damage to the property of another person, the court shall recommend the suspension of the current driving license of the person for a fixed period of not less than thirty (30) days nor more than one (1) year. Ind. Code 9–4–1–56.1 [7] (emphasis added).

■ Initially, it would appear the Reckless Driving statute is of minimal assistance in resolving the issue before us, given the use therein of the word "recklessly." We believe, however, that the adverb "recklessly" was employed to lend flexibility to the operation of the statute. As we interpret the statute, Reckless Driving may be based on any one of the enumerated acts, but proof thereof creates a presumption of recklessness which the defendant may rebut. Therefore, in certain circumstances, operating a motor vehicle at an "unreasonably high rate of speed" may be sufficient to support a conviction of Reckless Driving.

■ Although the legislature elected not to define "unreasonably high rate of speed," it is clear that driving forty miles per hour in excess of the speed limit is unreasonable and reckless. The danger-

ousness of Taylor's speeding vehicle was exacerbated by the fact that the pavement was wet and by the fact that he was unfamiliar with the area.

Further, our determination of Taylor's recklessness would stand absent the provisions of the Reckless Driving statute. The general intent necessary to support a conviction of Reckless Homicide has been defined as a choice of action, either with the knowledge of serious danger to others involved therein or with the knowledge of facts which would disclose danger to a reasonable person. *Salrin v. State,* (1981) Ind.App., 419 N.E.2d 1351. *See also Shorter v. State,* (1954) 234 Ind. 1, 122 N.E.2d 847 (appeal from convictions of Reckless Driving and Driving While Intoxicated); *Beeman v. State,* (1953) 232 Ind. 683, 115 N.E.2d 919.

■ The circumstances of this case reveal the dangerous nature of Taylor's actions. Speed limits are regulated for the protection of public safety and are assessed with regard to particular road conditions. Failure to adhere to the speed limit, however, does not necessarily constitute recklessness. A slight deviation from the limit does not thereby create a great risk of danger and, alternatively, it is conceivable that some violations are due to inadvertence. We cannot state that either is true in Taylor's case, given the substantial differential between the speed of his vehicle and the speed limit.

■ Taylor does not directly challenge the evidence of recklessness by arguing any justification for his speed or by stating any claim his speeding was involuntary. Rather, he provides us with an alternative theory as to the cause of the collision. His argument is of no avail, as we have found evidence of probative value to support the conviction and may not reweigh the evidence. *Napier v. State,* (1983) Ind., 445 N.E.2d 1361; *Jackson v. State,* (1980) Ind., 402 N.E.2d 947.

In the absence of any rebuttal evidence, we must conclude that the evidence is suffi-

---

7. Formerly Ind.Code 9–4–1–54(c).

cient to support the conviction of Reckless Homicide, and Taylor is not entitled to an acquittal. We do believe, however, that Taylor's second issue is of merit and entitles him to a new trial.

During final argument, the court prohibited Taylor's counsel from arguing the difference between negligence and recklessness to the jury, stating that negligence was irrelevant to the determination of whether Taylor acted recklessly. We disagree.

 It is well-settled that the proper scope of final argument is within the trial court's sound discretion. *Vanyo v. State*, (1983) Ind., 450 N.E.2d 524; *Roose v. State*, (1983) Ind., 449 N.E.2d 594; *Whitacre v. State*, (1980) Ind., 412 N.E.2d 1202. On appeal, we will not find the trial court abused its discretion unless its decision is clearly against the logic and effect of the facts and circumstances before it. *State v. Cowdell*, (1982) Ind.App., 421 N.E.2d 667; *Winker v. State*, (1977) 174 Ind.App. 258, 367 N.E.2d 26. In seeking reversal of a conviction, however, it is incumbent upon the appellant to establish not only the trial court's abuse of discretion but also any resulting prejudice to his or her rights. *Jenkins v. State*, (1975) 263 Ind. 589, 335 N.E.2d 215; *Owens v. State*, (1975) 263 Ind. 487, 333 N.E.2d 745.

 In first determining whether the court abused its discretion, we note that it is proper for counsel to argue both law and facts, Indiana Constitution, Art. 1 § 19; *Inman v. State*, (1979) 271 Ind. 491, 393 N.E.2d 767; *Horn v. State*, (1978) 176 Ind.App. 527, 376 N.E.2d 512, including any argument as to position or conclusions based on the attorney's analysis of the evidence. *Flynn v. State*, (1978) 177 Ind. App. 360, 379 N.E.2d 548. In certain circumstances, the trial court may limit such argument without abusing its discretion. (The trial court may prohibit counsel from reading cases or other legal authorities to the jury. *Lax v. State*, (1981) Ind., 414

N.E.2d 555; counsel does not have the right to misstate the law or argue a theory unsupported by the evidence. *Kilgore v. State*, (1976) 170 Ind.App. 569, 354 N.E.2d 254; nor may counsel express his or her personal opinion as to the defendant's guilt or innocence. *Flynn v. State, supra.*)

 We cannot agree with the trial court that an argumentative comparison of negligence and recklessness was irrelevant. *See Bryant v. State*, (1933) 205 Ind. 372, 186 N.E. 322. First, we note that even those trained in the legal profession have grappled with abstract notions regarding degrees of culpability. Here, it was for the jury to decide whether the State had met its burden in establishing Taylor's recklessness, a task it could not properly complete absent an adequate concept of the term "recklessness." In defining the legal meaning of the word, a jury may be provided with examples of what conduct falls short of "recklessness" provided such argument is not unduly confusing to the jury. We fail to perceive how the jury would have been confused, however, had the court allowed Taylor's counsel to make his argument. Conversely, we believe that an understanding of the distinction between negligence and recklessness would have aided the jury in its deliberations. *See also, Slusher v. State*, (1982) Ind.App., 437 N.E.2d 97.

Although the court's basis for limiting final argument was relevancy, there is some indication in the record and in the State's brief that such an argument would prejudice the State's case. Taylor's counsel could have argued the difference between recklessness and negligence without insinuating that Taylor was being "doubly punished," or that he was being "singled out" for criminal prosecution.[8]

 Because the court excluded a relevant topic from final argument, and because we can find no other valid basis for its exclusion, such as resulting prejudice to

---

8. We note that the court allowed Taylor's counsel, during final argument, to state that there are approximately 40,000 automobile deaths each year which do not result in criminal prosecutions.

the State or confusion of the jury, we find the trial court abused its discretion. We must now determine the effect of the court's erroneous ruling, that is, whether Taylor was thereby denied a fair trial.

■ While Taylor's theory as to the proximate cause of the collision was irrelevant to our determination of the sufficiency issue, it is dispositive of the question of prejudice. The jury's verdict of guilty could have been based on either theory of proximate cause;[9] the one outlined in issue one, or Taylor's explanation that the collision was due to his inadvertence and subsequent attempts to avoid colliding with a third automobile. This fact not only buttresses our belief in the relevance of distinguishing negligence and recklessness, it also establishes how Taylor was prejudiced by the court's ruling. An aspect of Taylor's theory of the case was that, if the collision was due to his inadvertence, he was merely negligent and therefore could not be prosecuted and convicted in criminal court. The court's ruling precluded Taylor's counsel from arguing the law relevant to his theory, as already stated, a right guaranteed by the Indiana Constitution. Clearly, Taylor was prejudiced by the court's undue interference in that its ruling unjustifiably prevented the jury from fully considering his theory of the case. *See Bryant v. State, supra; see also, Wilson v. State,* (1965) 239 Md. 245, 210 A.2d 824, holding the defendant was prejudiced when the court prevented his counsel from arguing applicable law, as guaranteed by the Maryland Constitution.

The inescapable conclusion is that Taylor is entitled to a new trial, due to the substantial prejudice he suffered. This cause is reversed and remanded for a new trial.

CONOVER, P.J., and MILLER, J., concur.

---

**9.** This statement is based on the fact that Taylor disputed testimony regarding the speed of his vehicle, the determinative factor in settling the sufficiency issue.