**Toby D. TODD, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 71A03–9007–CR–302.

Court of Appeals of Indiana, Third District.

Jan. 29, 1991.

Edward C. Hilgendorf, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Toby Todd appeals from his convictions for operating a motor vehicle while intoxicated[1] and for reckless driving,[2] and also challenges the finding that he refused a chemical breath test.[3] He presents the following three issues for our review:

1. Whether the trial court erred by allowing the State to amend Count I, changing the charge from refusing a chemical test to operating a motor vehicle while intoxicated.

2. Whether the arresting officer adequately advised Todd of the consequences of refusing the chemical test.

3. Whether the finding of reckless driving was supported by sufficient evidence.

Affirmed in part; vacated in part.

The facts most favorable to the judgment indicate that on June 19, 1989, at 2:00 a.m., Mishawaka Police Officer Scott Parker was conducting a traffic stop at the entrance to a shopping center when he heard the squealing tires of an automobile. Parker then observed a pick-up truck, its rear end "fish-tailing," turn into the shopping center parking lot. Parker later testified that he felt endangered by the truck, which passed within eight feet of him at a speed (thirty miles per hour) double that posted in the parking lot.

Police Officer Eugene Heyse, acting as Parker's backup on the traffic stop, stopped the truck after a brief pursuit through the parking lot. After approaching the truck and asking the driver, Todd,

to produce his license and registration, Heyse noted that Todd's speech was slurred, his eyes were glassy, and the odor of alcohol was on his breath. Heyse then asked Todd to exit the truck, which Todd did with some difficulty, swaying and hanging on to the truck for support.

Officer Heyse next informed Todd of the Implied Consent Statute, advising Todd that his license to drive may be suspended if he refused to take the test. Todd refused to submit to the test, and was then placed under arrest.

I.

*Amendment of the Information*

Count I of the information against Todd initially charged him with refusing the implied consent test. Trial commenced on September 11, 1989, where the State moved orally to amend Count I to operating a motor vehicle while intoxicated and refusing a chemical test. Over Todd's objection, the trial court allowed the amendment, and on its own motion continued trial to October 20, 1989. Trial eventually commenced October 30, 1989.

Todd asserts that the trial court erred by allowing the amendment on the morning of trial, contending that the State failed to comply with statutory requirements for amending charges. This statute provides in part:

(b) The indictment or information may be amended in matters of substance or form, and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant, at any time up to:

\* \* \* \* \* \*

(2) Fifteen [15] days if the defendant is charged only with one or more misdemeanors; before the omnibus date. When the information or indictment is

---

1. Ind.Code 9–11–2–2 (1988) (a Class A misdemeanor).

2. IC 9–4–1–56.1(1) (a Class B misdemeanor).

3. At trial, the State agreed to dismiss Count III, consumption of alcohol by a minor (IC 7.1–5–7–7, a Class C misdemeanor). The prosecutor did

not seek to establish the elements of the offense, and Todd did not attempt to defend against the charge. For some reason, however, the trial judge entered a conviction against Todd on Count III. Accordingly, the conviction for consumption of alcohol by a minor is hereby vacated.

amended, it shall be signed by the prosecuting attorney.

IC 35–34–1–5.

■ We agree with Todd that the amendment in the instant case changed the theory upon which the case would be prosecuted. In this regard, Todd cites *Owens v. State* (1975), 263 Ind. 487, 333 N.E.2d 745, where our supreme court allowed an amendment because the theory of the case was unchanged and the defendants failed to show that their substantial rights were in any way prejudiced. However, *Owens* was decided when our legislature prohibited the amendment of information which changed the legal theory or theories of the prosecution. This legislation was repealed shortly after the supreme court questioned the prohibition in *Trotter v. State* (1981), Ind., 429 N.E.2d 637. The court commented that:

> The purpose of an indictment or information is first to inform the court of the facts alleged, so that it may decide whether or not they are sufficient in law to support a conviction, and second, to furnish the accused with such a description of the charge against him as will enable him to make his defense and avail of his conviction or acquittal for protection against further prosecution for the same offense. *State v. Allen*, (1895) 12 Ind.App. 528, 40 N.E. 705.
>
> In view of the above stated purpose, we are at a loss to understand why the State should not be entitled to amend charges, even as to theory and identity, as we understand such terms, when it can be done without prejudicing the substantial rights of the accused.

*Id.* at 640–41.

While repealing the section prohibiting amendments resulting in a change in the prosecution's theory of the case, the legislature left intact the following provisions:

> (c) Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

> (d) Before amendment of any indictment or information other than amendment as provided in subsection (b) of this section, the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare his defense.

IC 35–34–1–5.

■ This issue was addressed in *State v. Gullion* (1989), Ind.App., 546 N.E.2d 121, where the court observed:

> Reading [IC 35–34–1–5] and considering its history, we believe the legislative intent was to allow the amendment of a criminal charge when, in the trial court's discretion, the amendment could be permitted under such terms that would accord the defendant adequate opportunity to prepare his defense.
>
> To hold that this statute does not permit charges to be amended for other than form anytime after 30 days prior to the omnibus date would make subsection d superfluous. The question raised by the Supreme Court in *Trotter* would still be unanswered.
>
> ' Requiring the State to dismiss and refile a new charge would exalt form over substance. Such a requirement would cause additional and unnecessary preparation of pleadings and court hearings, possibly resulting in further delay of the trial. It might cause additional inconvenience and expense for the defendant such as reposting of bond, added attorney's fees and more publicity.

*Id.* at 123.

We agree, and find that the trial court may properly allow an amendment of a substantive character under such terms as would preserve the defendant's basic rights to reasonable notice, and an opportunity to be heard and contest the charges. *Oyler v. Boles* (1962), 368 U.S. 448, 452, 82 S.Ct. 501, 503, 7 L.Ed.2d 446.

The record indicates that Todd's substantial rights were not prejudiced. The trial

court asked Todd's counsel how much time would be required to prepare for the defense of the amended charge, to which counsel responded "three weeks." The court further asked defense counsel whether he wished to request a continuance, and counsel declined. On its own motion, the trial court continued the trial more than five weeks, and trial ultimately commenced seven weeks after the amendment. The trial court did not err in allowing the prosecutor to amend the information. *See Thacker v. State* (1990), Ind., 556 N.E.2d 1315 (amendment during voir dire adding a second aggravating circumstance to support death penalty count allowed where defendant could not demonstrate prejudice to substantial rights).

II.

*Refusal of Chemical Breath Test*

 Officer Heyse testified that he advised Todd that his license to drive may be suspended for one year if he refused to submit to a chemical breath test. Todd contends that this advisement failed to convey the strong likelihood that suspension of driving privileges would follow his refusal to submit to the test. *State v. Huber* (1989), Ind.App., 540 N.E.2d 140, *trans. denied.* We agree.

The language of the Implied Consent Law is couched in no uncertain terms. The statute provides that the arresting officer must inform the driver that refusal *will* result in the suspension of that person's driving privileges. IC 9–11–4–7. Accordingly, the finding that Todd refused the chemical breath test under the Implied Consent Law and the license suspension based thereon are vacated.[4]

*Sufficiency of the Evidence*

Todd's final allegation of error is that his conviction for reckless driving is not supported by sufficient evidence. On review of a claim of insufficient evidence, this court will neither reweigh evidence nor judge witness credibility; rather, we will consider only that evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *McClaskey v. State* (1989), Ind., 540 N.E.2d 41.

 Todd complains that the only evidence of recklessness is the rate of speed at which he was traveling (thirty miles per hour in a fifteen miles per hour zone). While he is correct that failure to drive within the speed limit does not necessarily constitute recklessness, *Taylor v. State* (1983), Ind.App., 457 N.E.2d 594, proof thereof does create a presumption of recklessness which the accused may rebut. *Id.* Todd does not effectively rebut this presumption.

 Furthermore, Todd is incorrect that the speed at which he was driving was the sole evidence of recklessness in this case. Officer Parker testified that he felt endangered by the speed and proximity of Todd's vehicle, and Officer Hayes related how Todd's truck entered the parking lot without slowing, and "fish-tailed" as it accelerated across the lot. Evidence indicated that there were customers entering and exiting the businesses that were open at that late hour. There is sufficient evidence of probative value to support the finding of guilt on the charge of reckless driving.

The finding that Todd refused a chemical breath test is vacated. The conviction for consumption of alcohol by a minor is also vacated. The judgment in all other respects is affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.

---

4. We note that a trial court has discretion to recommend a ninety day suspension under IC 9–11–3–1.5 (Burns Supp.1990) for a violation of IC 9–11–2. The trial court did not articulate the basis for the suspension at the sentencing hearing. However, because the crime in this case occurred prior to the effective date of IC 9–11–3–1.5, the suspension could only have been ordered as a result of the finding that Todd refused the chemical test. *See Springer v. State* (1979), 271 Ind. 350, 393 N.E.2d 131, *reh. denied.*