**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 21 2013, 8:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ADAM C. SQUILLER**
Squiller & Hardy
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MATTHEW SCHROCK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 44A03-1302-CR-65 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAGRANGE SUPERIOR COURT
The Honorable George E. Brown, Judge
Cause No. 44D01-1204-FD-98

**November 21, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Matthew Schrock appeals his conviction for class B misdemeanor reckless driving, arguing that the evidence is insufficient to support his conviction. We agree and therefore reverse his conviction. However, Schrock was also charged with speeding and disregarding a stop sign, and the trial court implicitly found that Schrock committed those infractions when it explicitly stated that those counts merged into the reckless driving conviction. Therefore, we remand for the trial court to enter judgment for speeding and disregarding a stop sign.

**Facts and Procedural History**

At approximately 10:30 p.m., on April 4, 2012, LaGrange County Reserve Sheriff's Deputy Marshal Nicholas Dubea was on duty and driving southbound on County Road North 200 East ("200 East"). The night was clear and dry. Near the intersection of 200 East and 50 North, Marshal Dubea observed Schrock on a motorcycle driving northbound on 200 East at sixty-eight miles per hour. The speed limit was forty-five miles per hour. Schrock also passed another vehicle somewhere near that intersection. After Marshal Dubea passed Schrock, and just south of 50 North, he backed into a driveway and proceeded north on 200 East in pursuit of Schrock. Schrock testified that because the area was open farm country, he could see for a quarter of a mile to the west and a half mile to the east. At the intersection of 200 East and 150 North, there was a stop sign through which Schrock drove fifteen to twenty miles per hour, thus failing to come to a complete stop. Marshal Dubea activated his lights and continued to pursue Schrock. He failed to gain on Schrock and accelerated to speeds of

2

130 miles per hour. At about 300 North, Marshal Dubea slowed down as he started to gain on Schrock and activated his siren. Schrock came to a complete stop at the intersection of 200 East and 400 North. Schrock had noticed Marshal Dubea just before he activated his siren. During Marshal Dubea's pursuit of Schrock, no other cars were on the road. Marshal Dubea approached Schrock and noticed that he smelled of alcohol. Marshal Dubea asked Schrock to get off his motorcycle and took him into custody.

The State charged Schrock with Count I, class D felony resisting law enforcement; Count II, class B misdemeanor reckless driving; Count III, speeding; Count IV, driving without proof of financial responsibility, and Count V, disregarding a stop sign. The State moved to dismiss Count I, which the trial court granted. Following a bench trial, the trial court found Schrock not guilty of driving without proof of financial responsibility. The trial court found Schrock guilty of reckless driving, explaining,

> I don't think there's any question he was doing the 68 as he approached the officer and possibly another car. Mr. Schrock said there were two cars, he thought, in the vicinity of county road 50 North, but certainly the officer was there. I don't think there's any question about that. I just feel like at 23 miles an hour over the speed limit with other cars in the area, that's reckless.

Tr. at 21. The trial court stated that the speeding and disregarding a stop sign counts merged into the reckless driving count and dismissed them. Schrock appeals.

**Discussion and Decision**

Schrock challenges the sufficiency of the evidence to support his conviction for reckless driving. Our standard of review is well settled:

> [When] reviewing the sufficiency of the evidence needed to support a criminal conviction[,] ... we neither reweigh evidence nor judge witness credibility. We

3

consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence. We will affirm a conviction if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt.

*Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008) (citations omitted).

To convict Schrock of reckless driving, the State was required to prove beyond a reasonable doubt that he operated a vehicle and recklessly drove it at such an unreasonably high rate of speed under the circumstances as to endanger the safety or the property of others. Ind. Code § 9-21-8-52. Schrock contends that the evidence was insufficient to establish that, under the circumstances, his rate of speed endangered the safety or property of others. In support, he cites *Jackson v. State*, 576 N.E.2d 607 (Ind. Ct. App. 1991), in which another panel of this Court reversed a reckless driving conviction based on insufficient evidence of endangerment.

In that case, Jackson was driving a motorcycle at 1:00 a.m. An Indianapolis police officer observed him do a semi-circle skid in the middle of Keystone Avenue, pull into a yard and spin his rear tire, causing the ground to fly out from behind the motorcycle, and drive down an alley at forty-five miles an hour. In reviewing the sufficiency of the evidence, the *Jackson* court observed that "failure to adhere to the speed limit does not necessarily constitute recklessness." *Id*. at 610 (citing *Taylor v. State*, 457 N.E.2d 594 (Ind. Ct. App. 1983)). The court noted that "the pavement was clear and dry, and there [was] no indication that any other motorist or pedestrian was in the vicinity at 1:00 on the morning of August 25." *Id*. The court concluded that because the yard that Jackson pulled into was his own, the

record was "utterly bereft of any indication, either from direct or circumstantial evidence, that Jackson endangered the safety or property of another." *Id.* at 609.

The State argues that *Jackson* is distinguishable in several ways. The State points out that Schrock was going sixty-eight miles per hour as compared to Jackson's forty-five miles per hour; Schrock failed to stop at the stop sign; did not notice that a police car with its lights on was behind him for over a minute; and his breath smelled of alcohol. These facts were not present in *Jackson*, but our analysis must be whether Schrock was recklessly driving at such an unreasonably high rate of speed *under the circumstances* as to *endanger* another's safety or property. Ind. Code § 9-21-8-52. As in *Jackson*, there is no evidence that, *under the circumstances*, Schrock was driving at such an unreasonably high speed that he endangered the safety or property of another.[1]

---

[1] The State argues that "[p]roof of speeding creates the presumption of reckless driving." Appellee's Br. at 4 (citing *Todd v. State*, 566 N.E.2d 67, 70 (Ind. Ct. App 1991) (*abrogated* on other grounds by *Fajardo v. State*, 859 N.E.2d 1201 (Ind. 2007)). *Todd* cited *Taylor*, 457 N.E.2d 594. The *Taylor* court involved an appeal of a reckless homicide conviction, in which it considered whether Taylor, in driving forty miles per hour over the speed limit, acted recklessly. To determine whether Taylor's behavior constituted recklessness, the court considered whether the reckless driving statute was helpful. Specifically, the court stated,

> Initially, it would appear the Reckless Driving statute is of minimal assistance in resolving the issue before us, given the use therein of the word "recklessly." We believe, however, that the adverb "recklessly" was employed to lend flexibility to the operation of the statute. As we interpret the statute, Reckless Driving may be based on any one of the enumerated acts, but proof thereof creates a presumption of recklessness which the defendant may rebut. Therefore, in certain circumstances, operating a motor vehicle at an "unreasonably high rate of speed" may be sufficient to support a conviction of Reckless Driving.
> Although the legislature elected not to define "unreasonably high rate of speed," it is clear that driving forty miles per hour in excess of the speed limit is unreasonable and reckless. The dangerousness of Taylor's speeding vehicle was exacerbated by the fact that the pavement was wet and by the fact that he was unfamiliar with the area.

*Id.* at 598. We read *Taylor* as saying that proof of an unreasonably high rate of speed (not simply driving over the speed limit) creates a presumption of *recklessness*. We are doubtful as to the helpfulness of such a proposition, because an unreasonably high rate of speed lacks definitions and may be affected by the particular facts of each case. -

Although Schrock was driving sixty-eight miles per hour in a forty-five mile-per-hour-zone, he was on a country road that ran through open farm country at a low traffic time, and the weather was clear and dry. During Marshal Dubea's pursuit of Schrock, neither he nor Schrock saw any other vehicles. Schrock testified that he passed a couple vehicles near the intersection of 200 East and 50 North. One of those vehicles was Marshal Dubea's. When Marshal Dubea first encountered Schrock, he did not see any other vehicles. Thus, there is no evidence regarding Schrock's speed at the time he passed the other vehicle. Although Marshal Dubea reached speeds of 130 miles per hour in his pursuit of Schrock, Schrock had a head start, and Marshal Dubea caught up with him in less than two minutes. Thus, it is unclear what we can infer regarding Schrock's speed during this time. As to Schrock's rolling through a stop sign, he slowed down to fifteen or twenty miles per hour, and again the roads were clear and dry and there were no other vehicles present. Finally, although Marshal Dubea detected the odor of alcohol on Schrock's breath, he did not testify to any signs of intoxication and the State did not charge Schrock with driving while intoxicated.

Schrock clearly committed violations of the traffic code, but the evidence is insufficient to establish that he was recklessly driving at an unreasonably high speed under circumstances as to endanger another's safety or property. *Cf. Todd v. State*, 566 N.E.2d 67, 70 (Ind. Ct. App. 1991) (witness testified he felt endangered by speed and proximity of defendant's truck, which "fish-tailed" upon entering shopping center parking lot and sped across lot as customers entered and exited businesses) (*abrogated* on other grounds by *Fajardo v. State*, 859 N.E.2d 1201 (Ind. 2007)); *Magee v. State*, 523 N.E.2d 432, 434-35

6

(Ind. Ct. App. 1988) (motorcyclist drove forty miles over speed limit, drove through two stop signs, popped a "wheelie" for twenty feet, and would not have been able to stop suddenly if necessary; defendant admitted that he drove his motorcycle even though he knew his clutch was inoperable). Accordingly, we reverse Schrock's conviction for reckless driving. Nevertheless, the trial court found that the speeding and disregarding a stop sign counts merged into the reckless driving conviction. Implicit in that finding is the determination that Schrock committed those infractions. Therefore, we remand for the trial court to enter judgment on the counts of speeding and disregarding a stop sign.

Reversed and remanded.

BARNES, J., and PYLE, J., concur.