**Ray Charles LAY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1080S392.

Supreme Court of Indiana.

Dec. 7, 1981.

David J. Brandewie, Merrillville, for appellant.

Theodore L. Sendak and Linley E. Pearson, Attys. Gen., William E. Daily, Chief Deputy Staff, Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Ray Charles Lay, was convicted in a trial by jury of the offenses of confinement, a class B felony, pursuant to Ind. Code § 35–42–3–3(2); and robbery, a class B felony, pursuant to Ind. Code § 35–42–5–1(1), and received twelve year terms of imprisonment to run concurrently. On appeal he claims that: (1) evidence was erroneously admitted, (2) the evidence was insufficient to convict, and (3) the sentence of twelve years is illegal.

Appellant was charged and jointly put to trial along with two others, Kenneth Hope and Verdell Berry, for having robbed and confined Michael Writt, while armed. According to the testimony of Writt he left work in Hammond, Indiana at 1:00 a. m., August 14, 1979. As he was proceeding along in his car, he slowed for some tracks and was struck in the rear end by a silver-grey 1975 or 1976 Monte Carlo. The car was occupied by three men. Writt and the driver of the other car got out and as they were examining the slight damage to the rear bumper of the Writt car, appellant emerged from the Monte Carlo and put a shotgun to Writt's neck. Another from the car held a shotgun. Writt was forced to spread himself on the trunk of his car and his money and wristwatch were taken.

Writt was directed to get back into his car and to sit with his head between his legs. The man with the shotgun got in the rear seat and another drove the car for about five minutes to an abandoned road. Writt was ordered to get out of the car, undress and get on the ground. He did so and was then kicked and struck with a piece of garden hose and was then abandoned naked in the weeds. He managed to quickly get help and report the crime. Writt identified appellant as being the man who held the shotgun, took his watch, and sat in the back seat of the Writt vehicle when he

was being transported. Writt also identified co-defendants Hope and Berry as the other two men.

Hammond Police Officer William Slade testified that he was patrolling in a marked car when he received a report of the Writt robbery, which included a description of the car used. At 2:35 a. m., no more than an hour after the alleged crime, he observed a vehicle fitting the description, passing him in the opposite direction. He made a U-turn to follow it, and it then accelerated, ran several redlights, and stop signs during a high-speed chase, which ended when the car was trapped in a dead-end street. Appellant, Hope and Berry, identified by Slade at trial as the occupants of the car, were then arrested.

Writt's Seiko watch, a belt, two hats, and a variety of ammunition were seized from the car, comprising State's Exhibits 1 through 7. Appellant claims that these items and police testimony describing them were erroneously admitted, in that the testimony of Officer Sparks, essential to their admission, should have been excluded because Sparks was not named as a material witness upon the information as required by Ind. Code § 35–3.1–1–2. Sparks testified that he removed the exhibits from the property locker in which they had been locked away by the officers who had seized them from the Monte Carlo, and took them to the property room. One Officer Summers testified that he received the exhibits in the property room and brought them to court. Thus Sparks' testimony related solely to chain of custody.

■ The purpose of a pre-trial discovery order and the statute requiring witnesses to be listed is to enhance the accuracy and efficiency of the fact-finding process. *Bruce v. State*, (1978) 268 Ind. 180, 375 N.E.2d 1042. The remedy for violation of the statute's requirement depends upon the circumstances of the case, and ordinarily an adjournment or continuance of the trial for a deposition is sufficient to place the party in as good a position as he would have been in had the statute or order been strictly obeyed. Such is the case here. Appellant was given an opportunity by the trial court to depose the surprise witness, which was declined. A co-defendant did in fact depose the witness. Appellant sought no continuance. Given the nature of this witness' testimony and the opportunities which were foregone, appellant's argument that he suffered prejudice from this violation of the statutory proscription, is not sustained. *Fortson v. State*, (1978) 269 Ind. 161, 379 N.E.2d 147. Consequently, there was no error in permitting Officer Sparks to testify, and the exhibits were not erroneously admitted on this basis.

■ Appellant next contends that the evidence, exclusive of the challenged exhibits considered above and the oral testimony relating thereto, is insufficient to convict, constituting only such as would create a mere possibility that appellant may be guilty. The premise of this argument fails in light of our determination that the exhibits were properly admitted. Considering all of the evidence properly admitted at trial tending to support the verdict of the jury, recited above, and without weighing it or determining questions of credibility, the verdict is supported by evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657.

■ Appellant challenges the severity of the sentences he received. In sentencing, the trial court did not give ten-year basic sentences, but enhanced that term by adding an additional two years, making the total sentences twelve years. Appellant claims that the trial court augmented the sentences in this manner without considering the factors required by Ind. Code § 35–4.1–4–7(a) namely, the risk that the defendant will commit another crime, the nature of the crime, and the character of the defendant. In *Gardner v. State*, (1979) Ind., 388 N.E.2d 513, this Court held that:

"[W]hen a judge increases or decreases the basic sentence, suspends the sentence, or imposes consecutive terms of imprisonment, the record should disclose what fac-

tors were considered by the judge to be mitigating or aggravating circumstances." 388 N.E.2d at 517.

Following up in *Abercrombie v. State*, (1981) Ind., 417 N.E.2d 316, the Court said:

"Determination of an appropriate sentence involves a balancing of many factors and some articulation of this balancing process must be made in the record by the sentencing judge." 417 N.E.2d at 319.

And in *Green v. State*, (1981) Ind., 424 N.E.2d 1014, we declared that a sentencing record which merely repeated statutory language was insufficient to satisfy the mandate of the statute that reasons be stated for imposing consecutive sentences saying:

"The trial court must proceed from the bland and conclusory language of the sentencing criteria statute to a specific and individualized statement [which] . . . supports imposition of consecutive terms."

In the record before us, the trial judge expressly rejected the existence of a prior murder charge against appellant which had not been brought to trial, as an aggravating circumstance. He concluded that appellant had been the ringleader of the group of three who had committed the Writt robbery. He stated that appellant dominated the other two. He concluded that appellant was in need of rehabilitative treatment in a penal facility and that the imposition of a reduced sentence would depreciate the seriousness of the crime. We find this record to be minimally sufficient as an "individualized" statement of the court's reasons for enhancing the basic ten year sentence to twelve years. There is no sentencing error.

The convictions are affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.