**STATE of Indiana, Appellant,**

v.

**Scott GULLION, Appellee.**

**No. 54A04–8903–CR–69.**

Court of Appeals of Indiana,
Fourth District.

Nov. 20, 1989.

Linley E. Pearson, Atty. Gen., Indianapolis, Wayne E. Steele, Pros. Atty., Crawfordsville, for appellant.

William A. Goebel, Goebel, McGaughey, Sosbe & Tribbett, Kurt R. Homann, Groves & Homann, Crawfordsville, for appellee.

CHEZEM, Presiding Judge.

### Statement of the Case

The State of Indiana appeals the trial court's denial of the State's motion to

amend the criminal information on the day before trial. We reverse and remand.

## Issues

1. Whether Indiana Code 35-34-1-5(d) permits the court to allow the State to amend the information in a substantive manner after thirty (30) days prior to the omnibus date.

## Statement of Facts

Defendant's child, Christopher Gullion, died on October 11, 1985. On November 12, 1986, the State filed an information charging Scott Gullion with Involuntary Manslaughter, Neglect of a Dependent Causing Serious Bodily Injury, and Battery Causing Serious Bodily Injury. The record shows that the court, the defendant, and the State considered this case to be of a complex nature. Defendant requested additional counsel and expert witnesses, which the court granted. Various motions cite the complexity of this case. On January 30, 1989, the State filed a motion to amend the information by adding count four, to wit:

> Bob Peterman, being duly sworn upon his oath, says: He is informed and verily believes that at and in the County of Montgomery, State of Indiana, on the 11th day of October, 1985, one Scott Gullion did knowingly kill Christopher Gullion by placing his hand on the back of the head of Christopher Gullion and pushing Christopher Gullion's head face down into a mattress causing Christopher Gullion to suffocate and thereby causing Christopher Gullion to die. All of which is contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana.

The State also filed a motion in limine or, in the alternative, a motion to continue based on the fact that the defendant had just given to the State certain medical reports involving the care and treatment of Evelyn and Matthew Gullion and the relationship of sudden infant death syndrome to siblings on Thursday, January 26. The State requested the defendant be prohibited from introducing any evidence directly or indirectly during the trial of the case relating to the hospitalization, or medical records or medical condition of Evelyn Gullion and any children born to the defendant and Evelyn Gullion other than the deceased child, Christopher Gullion. In the defendant's response to the court ordered discovery, which was filed on November 14, 1988, the defendant had stated, "Defense contends that defendant did not engage in any conduct which contributed in any way to the death of Christopher Gullion."

## Discussion

The issue presented for our review is whether an amendment of substance can be made to a criminal information after the time limit set forth in I.C. 35-34-1-5(b). In addressing this issue we first look at the statute which preceded the one applicable to this case. The previous statute, I.C. 35-3.1-1-5, contained the same provisions as subsections a, b, c and d in I.C. 35-34-1-5. The prior statute also contained an additional subsection e, which read as follows:

> Notwithstanding any other provision in this section, an indictment or information shall not be amended in any respect which changes the theory or theories of the prosecution as originally stated, or changes the identity of the offense charged; nor may an indictment or information be amended after arraignment for the purpose of curing a failure to charge or state an offense or legal insufficiency of the factual allegations.

In a case which arose prior to the repeal of subsection E, the Indiana Supreme Court commented as follows:

> ... [W]e are at a loss to understand why the State should not be entitled to amend charges, even as to theory and identity, as we understand such terms, when it can be done without prejudicing the substantial rights of the accused. *Trotter v. State* (1981), Ind., 429 N.E.2d 637, 640-641.

The next session of the Indiana General Assembly resulted in the current statute which repealed subsection e but left intact:

> (D) Before amendment of any indictment or information other than amendment as provided in subsection (B) of this section,

the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare his defense.

Reading this statute and considering its history, we believe the legislative intent was to allow the amendment of a criminal charge when, in the trial court's discretion, the amendment could be permitted under such terms that would accord the defendant adequate opportunity to prepare his defense.

To hold that this statute does not permit charges to be amended for other than form anytime after 30 days prior to the omnibus date would make subsection d superfluous. The question raised by the Supreme Court in *Trotter* would still be unanswered.

Requiring the State to dismiss and refile a new charge would exalt form over substance. Such a requirement would cause additional and unnecessary preparation of pleadings and court hearings, possibly resulting in further delay of the trial. It might cause additional inconvenience and expense for the defendant such as reposting of bond, added attorney's fees and more publicity.

The trial judge can set time limits in such a manner as to be fair to the defendant. Under the circumstances in this case, allowing the State to amend the charges, giving the defendant adequate notice and hearing on the amendment, advising the defendant of the amendment and consequences therefore and allowing a continuance, if requested, would appear to be consistent with the legislative intent.

Reversed and remanded for further proceedings consistent with this opinion.

CONOVER and ROBERTSON, JJ., concur.