Dwayne DAVIS, Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 45A03–9104–CR–113.

Court of Appeals of Indiana,
Third District.

Oct. 29, 1991.

Nathaniel Ruff, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana and Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Dwayne Davis appeals his conviction for four counts of robbery, raising two issues for our review:

I. Whether the trial court erred in failing to dismiss the amended information filed against Davis.

II. Whether the evidence was sufficient to sustain Davis's conviction.

We affirm.

### I.

*Amended Information*

The original information filed by the State charged Davis with one count of robbery of Jose Malave arising out of an incident occurring on October 26, 1986. On November 18, 1986, the State filed an amended information, charging Davis with four counts of robbery of Malave, Eddie

Valasca, Linda Schultz, and Wendy Toth. The omnibus date was December 16, 1986.

The cause went to trial on April 6, 1987. Prior to jury selection, the trial judge read the original information, but was corrected by the prosecutor. He then went on to read the remaining three counts of the amended information. On April 8, defense counsel filed a motion to dismiss the amended information, alleging that the prosecutor had failed to comply with Indiana Code 35–34–1–5. The trial judge denied the motion, finding that it was not timely filed.

■ On appeal, Davis argues that he did not receive proper notice and a hearing regarding the amended information as required by Indiana Code 35–34–1–5. That statute provides in relevant part:

(b) The indictment or information may be amended in matters of substance or form, and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant, at any time up to:

   (1) thirty (30) days if the defendant is charged with a felony; or

   (2) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;

before the omnibus date. When the information or indictment is amended, it shall be signed by the prosecuting attorney.

    \*      \*      \*      \*      \*      \*

(d) Before amendment of any indictment or information other than amendment as provided in subsection (b) of this section, the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare his defense.

In his brief, Davis concedes that the prosecutor timely filed the amended information, but challenges the adequacy of notice and hearing. However, the record reveals that the amended information was filed on November 18, 1986, twenty-nine days before the December 16 omnibus date.[1] Thus, the amended information was not filed within the time limits of subsection (b) of the statute.

A similar situation arose in *State v. Gullion* (1989), Ind.App., 546 N.E.2d 121. There, the state sought to amend the information to add an additional count on the day before trial. In interpreting Indiana Code 35–34–1–5, the court stated:

Reading this statute and considering its history, we believe the legislative intent was to allow the amendment of a criminal charge when, in the trial court's discretion, the amendment could be permitted under such terms that would accord the defendant adequate opportunity to prepare his defense.

To hold that this statute does not permit charges to be amended for other than form anytime after 30 days prior to the omnibus date would make subsection d superfluous.

    \*      \*      \*      \*      \*      \*

The trial judge can set time limits in such a manner as to be fair to the defendant. Under the circumstances in this case, allowing the State to amend the charges, giving the defendant adequate notice and hearing on the amendment, advising the defendant of the amendment and consequences therefore [sic] and allowing a continuance, if requested, would appear to be consistent with the legislative intent.

*Id.* at 123. We cited *Gullion* with approval in *Todd v. State* (1991), Ind.App., 566 N.E.2d 67, 69, stating, "[T]he trial court may properly allow an amendment of a substantive character under such terms as would preserve the defendant's basic rights to reasonable notice, and an opportunity to be heard and contest the charges." In this context, we examine Davis' claim that he did not receive adequate notice and opportunity to be heard.

---

1. Davis states in his brief that his omnibus date was on December 18, 1986. However, a review of the record reveals that his co-defendant's omnibus date was on December 18, while his was on the 16th.

Davis' argument that he received inadequate notice must fail. The amended information bears a signed certificate of service, certifying that the deputy prosecutor sent a copy of the document to each party or attorney of record on November 18, 1986, the date the amended information was filed. Record, p. 21. Criminal Rule 18 provides:

Unless the court, on motion or of its own initiative orders otherwise, a copy of every pleading and motion, and every brief submitted to the trial court, except trial briefs, shall be served personally or by mail on or before the day of the filing thereof upon each attorney or firm of attorneys appearing of record for each adverse party. Handing a copy to an attorney or leaving it at the attorney's office with the clerk or other person in charge thereof shall be considered as personal service.

It shall be the duty of attorneys when entering their appearance in a cause or when filing pleadings or papers therein, to have noted on the Chronological Case Summary or on said pleadings or papers so filed, their mailing address, and service by mail at such address shall be deemed sufficient.

The deputy prosecutor complied with Criminal Rule 18, and such compliance was sufficient to provide Davis with notice.

Davis was also provided an adequate opportunity to be heard. Notice of the amended information was sent to him on November 18, 1986, nearly five months before the April 6, 1987 trial date. He did not lodge an objection to the amendment until April 8, 1987. We do not read *Gullion* to require a trial court to set a hearing in every instance that an information is sought to be amended after thirty days prior to the omnibus date. *Gullion* relies upon subsection (d) of Indiana Code 35–34–1–5, which requires notice and an opportunity to be heard. An "opportunity to be heard" is not equivalent to a hearing. Rather, the requirement of an "opportunity to be heard" is satisfied when the defendant is given adequate time to object and request a hearing after proper notice. *See Sharpe v. State* (1989), Ala.Cr.App., 560

So.2d 1107, 1110–1111. Here, Davis had nearly five months after the amendment before trial began. If he perceived a need for a hearing in order to determine the appropriateness of a continuance or dismissal, he should have requested a hearing at some time before trial began. His failure to make a timely request for a hearing, continuance, or dismissal constituted a waiver of that right. Davis was given the opportunity to be heard; he did not take advantage of it. The trial court did not err in denying Davis' motion to dismiss.

## II.

### *Sufficiency of the Evidence*

Davis next contends that the evidence was insufficient to sustain his conviction on all four robbery counts. In reviewing the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. We look to the evidence most favorable to the State, along with all reasonable inferences to be drawn therefrom, to see if there is substantial evidence of probative value to support the verdict. *Clark v. State* (1990), Ind., 562 N.E.2d 11, 16.

Davis states, "Each of the alleged victim's testimony was improbable and inconclusive, and the testimony of these alleged victims as to the same events was contradictory and inconsistent." Appellant's brief at p. 21. He then points out a number of inconsistencies between testimony of the trial witnesses. His challenge to the sufficiency of the evidence is nothing more than a request that we reweigh the evidence. Several witnesses identified Davis, testified that he was present at the scene of the robbery and that he participated in the crime. The question of whether or not their testimony was consistent or contradictory is for the trier of fact, not us. We hold that the evidence was sufficient to support his conviction.

Affirmed.

GARRARD and BARTEAU, JJ., concur.