Leon R. JONES, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 63S00–9705–CR–312.

Supreme Court of Indiana.

Feb. 1, 1999.

Gerald R. Thom, Jasper, IN, for appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, for appellee.

SULLIVAN, Justice.

Defendant Leon R. Jones pled guilty to Murder[1] and Criminal Deviate Conduct Resulting in Serious Bodily Injury,[2] a class A felony. The trial court sentenced defendant to 65 years in prison for murder and 30 years for criminal deviate conduct, to be served consecutively. The sole issue in this appeal is the propriety of the sentence. Finding the sentence to have been imposed properly, we affirm.

We have jurisdiction over this direct appeal because the longest single sentence exceeds fifty years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)(7).

## Background

On December 9, 1995, defendant, Kelly Craig and James Powell were driving in a four wheel drive vehicle in Evansville, Indiana. They had been and were drinking at the time. At a McDonald's restaurant, Shannon Wentzel joined them.[3] After driving around for some time, the group stopped for a break. While the four were standing outside the truck talking, defendant struck Wentzel.

After defendant knocked Wentzel to the ground, he and Craig began kicking her. After beating her, defendant demanded that Wentzel take off her clothes. Defendant then raped Wentzel in a manner which included anal penetration. Defendant next "told" Powell to rape Wentzel, which he did. After Powell, Craig raped Wentzel. Defendant, Powell and Craig then resumed kicking Wentzel.

After kicking her for some time in her body and face, Wentzel "laid there unconscious." Defendant checked to see if Wentzel was still alive and found that she was. Defendant then got into the truck and ran over Wentzel approximately fifteen times. Defendant, Powell and Craig placed Wentzel in the back of the vehicle and drove to a different location to dispose of the body.

When they reached the second location, defendant unloaded Wentzel from the vehicle and both he and Craig resumed kicking her. Defendant then got into the vehicle and ran over the body several more times. Craig then stabbed Wentzel with a screwdriver. An autopsy revealed that Wentzel died from multiple blunt force injuries to her abdomen, chest and head.

The State charged defendant with Murder, Rape While Using Deadly Force,[4] and Criminal Deviate Conduct Resulting in Serious Bodily Injury. The State also sought two separate sentences of life imprisonment without parole.[5] Defendant pled guilty to murder and criminal deviate conduct. Pursuant to the plea agreement, the State dismissed Rape and requests for sentences of life without parole.

## Discussion

At the time this crime was committed, a murder offense carried a presumptive 55 year sentence, with not more than 10 years added for aggravating circumstances and not

---

1. Ind.Code § 35–42–1–1(1) (1993).

2. Ind.Code § 35–42–4–2 (1993).

3. At the presentencing hearing, Powell testified that Sharon Wentzel was Craig's acquaintance.

4. Ind.Code § 35–42–4–1 (1993).

5. Ind.Code § 35–50–2–9(b)(1)(D) (Supp.1995).

more than 10 years subtracted for mitigating circumstances. Ind.Code § 35–50–2–3 (Supp.1995). Criminal deviate conduct resulting in serious bodily injury, a Class A felony, carried a presumptive sentence of 30 years, with not more than 20 years added for aggravating circumstances and not more than 10 years subtracted for mitigating circumstances. Ind.Code § 35–50–2–4 (Supp. 1995).

After the sentencing hearing on January 14, 1997, the trial court concluded that, given the nature and circumstances of the crime, the defendant was to serve a maximum sentence of sixty-five (65) years for murder and thirty (30) years for criminal deviate conduct. The court further ordered these sentences to be served consecutively. Defendant contends that the trial court improperly and inconsistently enhanced one sentence over the other and improperly imposed consecutive sentences. He asserts that his sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. We disagree.

■ When enhancing a sentence, a trial court must state its specific reasons for doing so. Accordingly, the sentencing statement must: (1) identify significant aggravating and mitigating circumstances; (2) state the specific reason why each circumstance is aggravating or mitigating; and, (3) evaluate and balance the mitigating against the aggravating circumstances to determine if the mitigating offset the aggravating circumstances. *Mitchem v. State*, 685 N.E.2d 671, 678 (Ind. 1997) (citing *Jones v. State*, 675 N.E.2d 1084, 1086 (Ind.1996)).

### I

Defendant argues that the trial court failed to articulate separate reasons when it applied the aggravating circumstances to impose enhanced and consecutive sentences. Appellant's Br. at 6. He argues that the trial court cannot merely recite statutory factors, but must relate in detail facts particular to the defendant and his crime. *Page v. State*, 424

N.E.2d 1021, 1023 (Ind.1981). *See also Robey v. State*, 555 N.E.2d 145, 152 (Ind.1990) (sentencing statement must refer to the nature of the offense and the specific character of the offender). Defendant further contends that the trial court's imposition of an enhanced sentence was inconsistent because the murder conviction was enhanced while the criminal deviate conduct resulting in bodily injury conviction was not.

At the sentencing hearing, the trial court identified eight aggravating circumstances: (1) the victim's death was apparently slow, painful and torturous; (2) defendant had a history of criminal activity as a juvenile; (3) although no criminal convictions as an adult, there was evidence of criminal activity; [6] (4) defendant was placed in residential treatment or detention as a juvenile but was a runaway from treatment; (5) from the trial court's observations at various hearings, defendant displayed a complete lack of remorse for the death of the victim; (6) defendant had no significant work history and had failed to support his one dependent; (7) defendant appeared to have no family support system or support from his peers; and, (8) defendant was in a position to withdraw from the criminal activity and to even prevent the crimes from occurring but had failed to do so.

The trial court also identified three mitigating circumstances: (1) defendant lacked criminal convictions as an adult; (2) defendant pled guilty; and, (3) defendant did not enjoy a normal childhood but came from a dysfunctional family.

■ The record indicates that the trial court considered and then determined which significant mitigating circumstances were appropriate. It is within a trial court's discretion to determine whether a mitigating circumstance is significant, *Taylor v. State*, 695 N.E.2d 117, 122 (Ind.1998); *Battles v. State*, 688 N.E.2d 1230, 1236 (Ind.1997); *Widener v. State*, 659 N.E.2d 529, 533 (Ind.1995), and what weight should be given that particular mitigating circumstance, *Grund v. State*, 671

---

**6.** Defendant claims that the trial court improperly considered "statements of possible criminal activity" to enhance his sentence. Appellant Br. at 7. It does not appear that the trial court gave

much, if any, weight to this aggravator as the court cited defendant's lack of any adult criminal convictions as a mitigating circumstance.

N.E.2d 411, 418 (Ind.1996) (citing *Sylvester v. State,* 549 N.E.2d 37, 43 (Ind.1990)). Defendant, however, contends that the trial court failed to consider all of the mitigating factors the defendant offered the court.[7]

The finding of mitigating circumstances is within the discretion of the trial court and we will only conclude that they were overlooked when there is substantial evidence in the record of the existence of significant mitigating circumstances. *Grund,* 671 N.E.2d at 419 (citing *Scheckel v. State,* 620 N.E.2d 681, 686 (Ind.1993)). The record does not suggest that when the trial court identified significant mitigating circumstances, it overlooked other mitigating circumstances.

Finally, the trial court engaged in an evaluative process weighing the aggravating factors against the mitigating factors. *Mitchem,* 685 N.E.2d at 678. After citing several aggravating circumstances, the trial court identified mitigating circumstances and noted the relative weight that should be assigned to each. The court specifically found that the "aggravating factors outweigh the mitigating factors." The sentencing process employed by the trial court comported with applicable requirements. We affirm the enhanced sentence for murder.

We also find no merit in defendant's claim that the sentences were inconsistent because only one aggravating circumstance directly addressed a specific crime—murder—while the others did not. The fact that the maximum sentence possible was not imposed on the criminal deviate conduct conviction points in favor of the court's having done its evaluative process appropriately. It does not demonstrate that the sentences were improper, inconsistent or manifestly unreasonable.

## II

To impose consecutive sentences, the trial court must find at least one aggravating circumstance. *Morgan v. State,* 675 N.E.2d 1067, 1073 (Ind.1996) (citations omitted). *See* Ind.Code § 35-38-1-7.1(b) (Supp.1994) (a court may consider aggravating circumstances in determining whether to impose consecutive sentences).

Here, the trial court found aggravating circumstances as noted *supra.* These aggravating circumstances were sufficient to justify the imposition of consecutive sentences. *See Taylor,* 695 N.E.2d at 120 (a court may consider the nature and circumstances of a crime to determine what sentence to impose); *Scheckel,* 620 N.E.2d at 685 (the particular heinous nature and circumstances of the crime were considered as aggravating circumstances).

### Conclusion

We conclude that Defendant's sentence is not manifestly unreasonable and affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, SELBY, and BOEHM, JJ., concur.

---

**7.** Specifically, defendant asserts that the trial court failed to consider (1) that the defendant spent time in a psychiatric institution; (2) the defendant's statement that he "feels he is mentally ill, but also functions in society and understands and accepts the mental illness;" (3) the defendant's environment in which he grew up including the punishment he endured such as "whippings with extension cords, coat hangers and belts;" and, (4) the defendant's history of drug use to which he may have been genetically and environmentally predisposed. He further contends that the court did not adequately consider defendant's guilty plea as a mitigating factor. *See* Appellant's Br. at 8–9.