**Santana CRAIG, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9908–CR–538.**

Court of Appeals of Indiana.

Oct. 30, 2000.

Janice L. Stevens, Marion County Public Defender, Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Barbara Gasper Hines, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BROOK, Judge

### Case Summary

Appellant-defendant Santana Craig ("Craig") appeals his convictions for aggra-

vated battery, a Class B felony, and six counts of criminal recklessness, Class C felonies. We affirm.

### Issues

Craig raises two issues on appeal, which we restate as:

I. whether the trial court erred in allowing an undisclosed expert witness to testify; and

II. whether the trial court erred in sentencing Craig.

In addition, the dissent raises *sua sponte* a third issue: whether the six convictions of criminal recklessness as lesser included offenses of attempted murder were proper.

### Facts and Procedural History

During the course of a neighborhood squabble on April 28, 1997, Craig began arguing with Debra Wingo ("Wingo"). Craig pulled a gun and pointed it at Wingo, telling her to "leave, get out of here." He then shot into the air. Wingo and seven other people got into a van and left the scene. As she pulled away, Wingo yelled that she was calling the police. Craig then began shooting at the back of the van. His first shot was toward the tires. When he missed, he said, "if I can't hit them tires, I'm shooting something in that damned van." Craig then shot into the van three times, his second shot hitting thirteen-year-old DeMerr Lee in the head.

The State charged Craig with eight counts of attempted murder.[1] At trial, Craig submitted and the court read to the jury an instruction on criminal recklessness. The jury returned a verdict of not guilty on one of the counts, a verdict of guilty of aggravated battery on another, and verdicts of guilty of criminal recklessness on the remaining six counts.

### Discussion and Decision

#### I. Expert Witness

■ Craig claims that the trial court erred in allowing witness Mickey French ("French") to testify to his belief as to the trajectory of the bullet. The State called French as a witness in its case-in-chief but was precluded from questioning him about his opinion that the bullet hole in the back window of the van could not have been caused by a ricochet. During his direct examination, Craig testified "I still had the gun in my hand at the time. So, at that time, when the van came past me, I took my gun I had in my hand and I held it downwards like that, and I fired the gun. Only to scare the people in the van." On rebuttal, French testified that he did not believe the bullet hole in the van's back window was caused by a ricochet.

■ Craig was aware of French's opinions the day before French testified as a rebuttal witness. Even if French had been an undisclosed witness, the proper remedy for failure to list a witness is usually a continuance or an adjournment to allow the defendant to depose the witness. *Davis v. State*, 714 N.E.2d 717, 723 (Ind. Ct.App.1999), *trans. denied.* A defendant who is given the opportunity to depose the surprise witness, but declines to do so, cannot claim prejudice when the court allows the witness to testify. *Id.* Craig did not ask for a continuance to depose French or to find his own expert.

Craig also asserts that he did not open the door on cross-examination to French's testimony. He contends that "defense counsel had no reason to believe the witness would be allowed to testify on rebuttal. None of the evidence he presented opened the door or in any way changed the facts that made the testimony inadmissible." Craig misunderstands the nature of "opening the door" to evidence. Even if the evidence was inadmissible in the State's case, it became relevant on rebuttal once Craig testified as to his actions. Testimony or evidence once ruled inadmissible does not always remain inadmissible. We find no error in the trial court's actions.

---

**1.** IND.CODE §§ 35–41–5–1 and 35–42–1–1.

## II. Sentencing

■ The trial court sentenced Craig to twenty years for aggravated battery. Craig argues that the trial court considered improper aggravating circumstances and did not consider proper mitigating circumstances in enhancing his sentence.

■ Sentencing decisions rest within the sound discretion of the trial court. *Ellison v. State*, 717 N.E.2d 211, 215 (Ind. Ct.App.1999), *trans. denied.* When enhancing a sentence, a trial court must state its reasons for doing so. *Jones v. State*, 705 N.E.2d 452, 454 (Ind.1999). In particular, the sentencing statement must: (1) identify significant aggravating and mitigating circumstances; (2) state the specific reason why each circumstance is aggravating or mitigating; and (3) evaluate and balance the mitigating against the aggravating circumstances to determine if the mitigating circumstances offset the aggravating circumstances. *Id.*

The trial court found that Craig's prior criminal history, most of it juvenile, was an aggravating circumstance. The trial court also found the circumstances of the offense to be an aggravating circumstance. As a mitigating circumstance, the trial court found that Craig was remorseful.

Even if the trial court's use of Craig's juvenile record as an aggravator was improper, a single proper aggravating factor is sufficient to support an enhanced sentence. *Barany v. State*, 658 N.E.2d 60, 67 (Ind.1995). The nature and circumstances of the crime is a statutory aggravating factor. IND.CODE § 35–38–1–7.1(b). The trial court found that Craig's actions in pulling out a gun and firing at a van full of people were "totally disproportionate." This was a proper aggravating circumstance, and the trial court properly enhanced Craig's sentence for aggravated battery.

## III. Criminal Recklessness Convictions

■ Believing that criminal recklessness is neither an inherently nor factually included offense of attempted murder, the dissent would reverse Craig's six convictions of criminal recklessness and remand for further proceedings.

We acknowledge that criminal recklessness is not an inherently lesser-included offense of attempted murder. *See Wilson v. State*, 697 N.E.2d 466, 477 (Ind.1998); *see also Goolsby v. State*, 517 N.E.2d 54, 62 (Ind.1987) ("Since we have clearly held that our attempt statute can have application only to specific intent crimes, and there is no element of specific intent in the offense of recklessness, we hold that the offense of recklessness is not a lesser included offense of the crime of attempted murder and, further, that there can be no crime of 'attempted recklessness.' ") (citing *Humes v. State*, 426 N.E.2d 379 (Ind. 1981)).

However, the circumstances presented here support a conclusion that the recklessness offense was indeed a factually included offense of attempted murder.[2] Specifically, all but one of the charging informations alleged that Craig shot "at and toward the person of [victim.]"[3] We have observed that such conduct creates a substantial risk of bodily harm. *See Carter v. State*, 634 N.E.2d 830, 834 (Ind.Ct. App.1994) (concluding that defendant's act of shooting toward victims was sufficient to support criminal recklessness convictions). Moreover, it may also be said that Craig "disregarded the consequences of his actions" when he engaged in such conduct. While the jury presumably could not determine that Craig had the requisite intent

---

**2.** We note that a recent Court of Appeals case discussing this issue, *Miller v. State*, 726 N.E.2d 349 (Ind.Ct.App.2000), has been accepted on transfer by our supreme court and cannot be cited as authority. *See* Ind. Appellate Rule 11(B)(3).

**3.** The charging information for Count I alleged that Craig fired "at or against". On this count, the jury was instructed on, and found Craig guilty of, aggravated battery.

to commit murder in light of the evidence that was presented, it is apparent that Craig knew or should have known that shooting toward the van full of people created a substantial risk of bodily harm to them. As a result, there lies the inference of a *mens rea* sufficient to support Craig's convictions for criminal recklessness.

Moreover, while the dissent points to *Shoup v. State,* 570 N.E.2d 1298 (Ind.Ct. App.1991), *trans. denied,* for the proposition that the convictions must be vacated, the charging information in that case alleged an actual touching, which constituted the offense of battery. There, we upheld the trial court's refusal to tender an instruction on criminal recklessness because there was nothing in those charges indicating a disregard for the consequences on the part of the defendant. *Id.* at 1305. Inasmuch as Craig was charged with attempted murder, the jury could have found that Craig acted recklessly and held a disregard for the consequences even though the evidence failed to show that Craig intended to kill the victims. *See Beeman v. State,* 232 Ind. 683, 692, 115 N.E.2d 919, 923 (1953) (noting that to be guilty of a reckless disregard for the safety of others, it is not necessary that one intend the harm which results from it). This is especially true where, as here, Craig requested and the trial court read a criminal recklessness instruction. *Cf. Autrey v. State,* 700 N.E.2d 1140, 1142 (Ind. 1998) (discussing the "all or nothing" strategy used by defense counsel when he or she decides not to request instructions on lesser included offenses, and concluding that such trial strategy could not be the basis for an ineffective assistance claim). Consequently, we do not reverse Craig's six convictions of criminal recklessness.

Affirmed.

DARDEN, J., concurs.

MATTINGLY, J., dissents with separate opinion.

MATTINGLY, Judge, dissenting

I believe Craig was improperly convicted of criminal recklessness as lesser included offenses of six counts of attempted murder, and I must therefore respectfully dissent.

Craig was charged with eight counts of attempted murder. Other than differing in the names of the victims, Counts II through VIII alleged that:

> SANTANA CRAIG, on or about April 28, 1997, did attempt to commit the crime of Murder, which is: to knowingly or intentionally kill another human being, namely: [victim], by engaging in conduct, that is: shooting at and toward the person of [victim], with the intent to kill [victim], by means of a deadly weapon, that is: a handgun, which constituted a substantial step toward the commission of said crime of Murder.

(R. at 33–36.)

The jury was instructed that to convict Craig of attempted murder, the State had to prove that Craig was "1) acting with the specific intent to kill, 2) by knowingly or intentionally, 3) shooting a deadly weapon, that is, a handgun, 4) at and toward [eight different people], 5) which was conduct constituting a substantial step toward the commission of said crime of murder." (*Id.* at 154.)

The jury was also instructed that Aggravated Battery, a Class B felony, as to Count I, and Criminal Recklessness, a Class C felony, as to Counts I, II, III, IV, V, VI, VII and VIII, were included offenses of attempted murder.[4] (*Id.* at 156.) The jury was instructed that in order to find Craig guilty of criminal recklessness,

---

4. A review of the record does not reveal any specific objection from the State to instructing the jury as to criminal recklessness. There was a colloquy between counsel with respect to giving a criminal recklessness instruction on all eight counts. The prosecutor stated: "State would object. I think the crim[inal] reck[lessness] would go to the other seven people in the car that were not hit in the head with a bullet. I think aggravated battery is certainly the count that is the lesser included of the attempt murder of DeMerr

the State would have to prove that Craig "1) recklessly, knowingly or intentionally, 2) performed an act that created a substantial risk of bodily injury, 3) to [eight different people] and 4) the Defendant performed the act while armed with a deadly weapon." (*Id.* at 158.)

I believe the trial court erred in instructing the jury that criminal recklessness was a lesser included offense of attempted murder. The majority correctly notes that Craig's conduct created the "substantial risk of bodily harm" necessary to support a criminal recklessness conviction. Ind.Code § 35–42–2–2(b). However, I cannot agree with its conclusion that criminal recklessness was a factually included lesser offense of the eight counts charging Craig with attempted murder, because the State's charging informations and the evidence presented at trial do not permit the inference that Craig acted with disregard for the consequences of his actions.

In *Shoup v. State*, 570 N.E.2d 1298, 1305 (Ind.Ct.App.1991), we noted that in order for criminal recklessness to be a lesser included offense of an intent crime (there, battery), the charging instrument had to. allege facts that showed that the touching was done with a disregard of the harm that might occur. There, the charging instrument alleged that Shoup knowingly touched a child in a rude, insolent or angry manner when he struck the child. We found a requested instruction on criminal recklessness was properly refused because "[t]here is nothing in these charges which indicate[s] a disregard for the consequences.... To the contrary, they imply that recognition or knowledge of probable consequences was present." *Id.*

Except for Count I, the attempted murder charges against Craig each alleged that Craig attempted to knowingly or intentionally kill each of the persons by fir-

ing a handgun "at and toward" those individuals [5] with a handgun, with the intent to kill each. Like the charges in *Shoup*, these charges assert that recognition or knowledge of probable consequences was present and cannot be read to "indicate [Craig's] disregard for the consequences."

Further, the testimony at trial established Craig's intent to kill someone. Craig first began shooting at the back of the van, toward the tires. When he missed, he said "if I can't hit them tires, I'm shooting something in that damned van." (R. at 266.) I believe criminal recklessness thus could not, in the case before us, be a factually lesser included offense of the attempted murder charges against Craig and the trial court erred in so instructing the jury. I would therefore vacate Craig's six convictions of criminal recklessness.

Lee. I don't think he's entitled to a criminal recklessness instruction." (R. at 789.) It thus appears that the State was objecting only to the giving of a criminal recklessness instruction for Count I. This is of no import, as

Craig was convicted of aggravated battery on Count I.

5. The assertion in Count I is that he fired "at and against".