## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

William Hackl Brainard
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Alandus D. James,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 19, 2015

Court of Appeals Cause No.
20A03-1405-CR-173

Appeal from the Elkhart Superior Court; The Honorable George W. Biddlecome, Judge; The Honorable Thomas Murto, Magistrate;
20D03-1206-FD-765
20D03-1208-CM-1493
20D03-1208-CM-1494

**May, Judge.**

[1] Alandus D. James appeals the court's order that he serve a thirty-month sentence for class D felony residential entry[1] consecutive to two concurrent eighteen-month sentences for Class D felony battery on a child[2] and Class D felony strangulation.[3]

[2] We affirm.

## Facts and Procedural History[4]

[3] On June 21, 2012, Rhonelle Murphy discovered James, whom she knew, entering her residence through a window. Once inside, James began punching Murphy in the face with his fist. M.A.W., Murphy's daughter, ran to help her and begged James to stop. At some point, James hit M.A.W. instead of Murphy. James grabbed Murphy by the neck and began to strangle her. When James let go of Murphy's neck, he started kicking her in the face. Murphy and M.A.W. fled to the bathroom. James followed them and continued to punch Murphy with his fists. James finally left, and Murphy called the police. James was still outside when the police arrived. When Murphy identified James as her assailant, he tried to use the alias "Aljimar Gregory" but eventually

---

[1] Ind. Code § 35-43-2-1.5 (2011).

[2] Ind. Code § 35-42-2-1 (2011).

[3] Ind. Code § 35-42-2-9 (2011).

[4] The court also sentenced James in the same cause for being an habitual offender, for misdemeanor battery under cause number 20D03-1208-CM-1493, and for possession of marijuana under cause number 20D03-1208-CM-1494. James does not challenge those sentences.

admitted his real name.  (Tr. at 285-86, 336.)  The police determined James had outstanding warrants and arrested him.

[4]     On June 27, 2012, the State charged James with Class D felony battery on a child; Class D felony strangulation; and Class D felony residential entry.  A jury found James guilty of the charges.  The trial court ordered James to serve eighteen months for the battery concurrent with eighteen months for the strangulation, and to serve thirty months for residential entry consecutive to those concurrent sentences.

## Discussion and Decision

[5]     James asserts that the trial court abused its discretion when ordering the sentence for residential entry to be served consecutive to the other two sentences.

[6]     Whether to impose consecutive or concurrent sentences is within the trial court's sound discretion and is reviewed only for an abuse of discretion. *Gellenbeck v. State,* 918 N.E.2d 706, 712 (Ind. Ct. App. 2009).  The trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances.  *Id.*

[7]      "[T]he court shall determine whether terms of imprisonment shall be served concurrently or consecutively.  The court may consider the: (1) aggravating circumstances . . . and (2) mitigating circumstances . . . in making a determination under this subsection. . . ."  Ind. Code § 35-50-1-2(c).  "To

impose consecutive sentences, the trial court must find at least one aggravating circumstance." *Jones v. State*, 705 N.E.2d 452, 455 (Ind. 1999).

[8] Although the court did not explicitly state a reason for imposing consecutive sentences, it is evident the court believed the maximum sentence of forty-eight months was "required" because "[t]here are issues of violence in every one of these counts . . . ." (Tr. at 529.) After so stating, the court reviewed James' criminal history, noting violence in each of those crimes as well. The court determined James' violence and the "lack of success in probationary area" were aggravators, (*id*. at 532), and noted the mitigators were not enough to reduce the sentence from forty-eight months. (*Id.*) Thus, the trial court did not abuse its discretion when it ordered James to serve the residential entry sentence consecutive to the concurrent battery and strangulation sentences. *See, e.g.*, *Smith v. State*, 770 N.E.2d 818, 821 (Ind. 2002) (factors used to enhance sentence can also be cited to impose consecutive sentences). Accordingly, we affirm.

[9] Affirmed.

Barnes, J., and Pyle, J., concur.