## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 11 2019, 9:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

Michael V. Sherman
Certified Legal Intern
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Major D. Townsend,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 11, 2019

Court of Appeals Case No.
19A-CR-787

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1804-F3-13

**May, Judge.**

[1] Major D. Townsend appeals following his convictions of Level 3 felony aggravated battery[1] and Level 4 felony unlawful possession of a firearm by a serious violent felon.[2] Townsend argues his sentences should not have been ordered served consecutively and his seventeen-year sentence is inappropriate. We affirm.

## Facts and Procedural History

[2] On April 7, 2018, Townsend and a group of six friends went to a party at Jesse Payne's house. Townsend told his friend, "Shooter," that Payne owed him money for a bottle of liquor. (Ex. 1.) When they got to Payne's home, Townsend instructed Shooter to go up to the house and "see what's in there." (*Id.*) Shooter told Townsend that Payne was inside.

[3] Townsend approached the house and began arguing with Payne's friend, Ricky Tyms. Payne recognized Townsend and instructed Tyms to give Townsend forty dollars for the liquor bottle. Townsend continued to yell and began to clutch something on his side. Before anyone could give cash to Townsend, Townsend pulled out a gun and shot Payne in the leg. Payne escaped to the basement and locked the door. Townsend went back to the car and left the scene. When asked if he shot Payne, Townsend denied it and said he "just

---

[1] Ind. Code § 35-42-2-1.5 (2014).

[2] Ind. Code § 35-47-4-5(c) (2017).

scared him." (*Id.*) Soon after the shooting, Townsend fled to Chicago. Two months later, Townsend was arrested in Chicago.

[4] The State charged Townsend with Level 3 felony aggravated battery, Level 4 felony unlawful possession of a firearm by a serious violent felon, Level 5 felony battery by means of a deadly weapon,[3] Level 5 felony battery resulting in serious bodily injury,[4] Level 5 felony felon carrying a handgun,[5] Level 6 felony pointing a firearm,[6] and Class A misdemeanor carrying a handgun without a license.[7] Townsend pled guilty to Level 3 felony aggravated battery and Level 4 felony unlawful possession of a firearm by a serious violent felon, and the State dismissed all remaining counts pursuant to a plea deal. The trial court sentenced Townsend to an aggregate term of seventeen years, with fourteen years executed in prison and three years suspended to probation.

# Discussion and Decision

## Consecutive Sentences

[5] Townsend asserts the trial court abused its discretion when ordering his sentences served consecutively. Whether to impose consecutive or concurrent

---

[3] Ind. Code § 35-42-2-1(g)(1) (2016).

[4] Ind. Code § 35-42-2-1(g)(2) (2016).

[5] Ind. Code § 35-47-2-1(e)(2)(B) (2017).

[6] Ind. Code § 35-47-4-3(b) (2017).

[7] Ind. Code § 35-47-2-1(e) (2017).

sentences is within the trial court's sound discretion and is reviewed only for an abuse of discretion. *Gellenbeck v. State*, 918 N.E.2d 706, 712 (Ind. Ct. App. 2009). The trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before it. *Id*.

"[T]he court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the: (1) aggravating circumstances . . . and (2) mitigating circumstances . . . in making a determination under this subsection[.]" Ind. Code § 35-50-1-2(c). "To impose consecutive sentences, the trial court must find at least one aggravating circumstance." *Jones v. State*, 705 N.E.2d 452, 455 (Ind. 1999). Herein, the trial court found multiple aggravators, including Townsend's extensive criminal history and the seriousness of the offense. Therefore, the court did not abuse its discretion when it ordered Townsend to serve his sentences consecutively. *See id*. (trial court finding at least one aggravator supported imposing consecutive sentences).

## Inappropriate Sentence

Townsend argues his sentence is inappropriate in light of his character and the nature of his offense. Our standard of review is well settled.

> We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special

expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

*Couch v. State*, 977 N.E.2d 1013, 1017 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*.

[8] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). A Level 3 felony is punishable by a fixed term between three and sixteen years, with the advisory sentence being ten years. Ind. Code § 35-50-2-5(b) (2014). The trial court sentenced Townsend to ten years; thus, he received the advisory sentence. A Level 4 felony is punishable by a fixed term between two and twelve years, with the advisory sentence being six years. Ind. Code § 35-50-2-

5.5 (2014). The trial court sentenced Townsend to seven years; thus, he received slightly above the advisory, but well below the maximum.

[9] Regarding the nature of the offense, the trial court examined the seriousness of the offense and noted Townsend drove to Payne's home and shot him while Payne was defenseless. Townsend's actions were reckless. Townsend went, uninvited, to Payne's home and proceeded to shoot him over forty dollars for a bottle of liquor. To make matters worse, Payne had already instructed Tyms to give Townsend the money prior to being shot.

[10] When considering the character of the offender, the trial court acknowledged Townsend took responsibility for the offense, expressed remorse, and has a good work history. However, one relevant fact that may justify a longer sentence is the defendant's criminal history. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). Townsend has a lengthy criminal history that includes multiple convictions and his repeated violation of the law reflects negatively on his character. *See Clark v. State*, 26 N.E.3d 615, 619 (Ind. Ct. App. 2014) (defendant's extensive criminal history demonstrated bad character and allowed for aggravated sentence), *trans. denied.*

# Conclusion

[11] The trial court properly found at least one aggravator and, therefore, did not abuse its discretion when it ordered Townsend to serve his sentences consecutively. Additionally, in light of Townsend's character and the nature of

his offense, his seventeen-year sentence is not inappropriate. Accordingly, we affirm.

[12] Affirmed.

Najam, J., and Bailey, J., concur.